James R. Hawkins (SBN 192925)
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA  92618
Telephone:  (949) 387-7200
Email:  james@jameshawkinsaplc.com

Attorneys for Plaintiff
NICHOLAS J. MCINERNY

Malte L. L. Farnaes (SBN 222608)
Christina M. Lucio (SBN 252677)
FARNAES & LUCIO, APC
2235 Encinitas Boulevard, Suite 210
Encinitas, CA  92024
Telephone: 760-942-9430
Email:  malte@farnaeslaw.com
        clucio@farnaeslaw.com

Attorneys for Plaintiff
NICHOLAS J. MCINERNY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. MCINERNY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS RED ROBIN BURGER SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.:  2:23-cv-01548-JDP**<br><br>*[Hon. Jeremy D. Peterson]*<br><br>JOINT RULE 26 REPORT<br><br>Complaint Filed:  March 23, 2023 |

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

1   Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
2   Martin P. Vigodnier (SBN 311834)
Martin.Vigodnier@jacksonlewis.com
3   **JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
4   Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
5   Facsimile:   (213) 689-0430

6   Philip J. Smith (SBN 232462)
Philip.Smith@jacksonlewis.com
7   **JACKSON LEWIS P.C.**
50 California Street, 9th Floor
8   San Francisco, California  94111-4615
Telephone:  (415) 796-5433
9
Attorneys for Defendant
10  RED ROBIN INTERNATIONAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

1    Plaintiff Nicholas J. McInerny ("Plaintiff") and Defendant Red Robin International,

2    Inc. ("Defendant") jointly submit this Joint Rule 26 Report following their related meet

3    and confer efforts, and pursuant to the Court's Order (Dkt. 23):

4    **1.    Basis for the Court's Subject Matter Jurisdiction, Whether Any Issues Exist**

5    **Regarding Personal Jurisdiction or Venue, Whether Any Parties Remain to Be**

6    **Served**

7    Subject Matter Jurisdiction: Defendant contends that, on May 2, 2023, Defendant

8    timely removed this Action to this Court pursuant to the Class Action Fairness Act

9    ("CAFA"). See 28 U.S.C. § 1332(d)(2)(A).  As further detailed in Defendant's Notice of

10   Removal (Dkt. No. 1), the matter in controversy exceeds the sum or value of $5,000,000,

11   exclusive of interests and costs.  Further, Plaintiff is a citizen of California. Defendant is

12   a Nevada corporation with its principal place of business in Colorado. Therefore,

13   Defendant is not a citizen of California for purposes of establishing diversity jurisdiction.

14   Plaintiff does not presently intend to contest subject matter jurisdiction but reserves

15   all rights.

16   Issues Regarding Personal Jurisdiction or Venue:   The Parties are presently

17   unaware of issues concerning personal jurisdiction.

18   Defendant contends that, with respect to venue, there is a related putative class and

19   representative action currently pending in the United States District Court for the Eastern

20   District of California entitled *Jose Jesus Avalos-Aviles v. Red Robin International, Inc.*,

21   Case No. 2:22-cv-01257-DAD-DB, that similarly seeks to represent Defendant's non-

22   exempt employees in California during the relevant four-year limitations period

23   ("*Avalos*").  *See also* Dkt. No. 11 (Defendant's Notice of Related Cases and Notice of

24   Pendency).

25   The Parties in the instant action and *Avalos* have voluntarily agreed to a private,

26   global mediation of the instant action; a representative action under the California Private

27   Attorneys General Act of 2004, California Labor Code §§ 2698 et seq. ("PAGA") filed

28   by Plaintiff alleging Labor Code violations against Defendant in a matter entitled

1   *Nicholas J. McInerny v. Red Robin International, Inc. et al.*, Superior Court for the

2   County of San Bernadino, Case No. CIVSB2202216 ("*McInerny I (PAGA)*"); and *Avalos*.

3   The global mediation is with experienced mediator Michael Dickstein and is scheduled

4   for December 8, 2023.

5           Defendant anticipates filing a motion to consolidate pursuant to Rule 42 of the

6   Federal Rules of Civil Procedure in the U.S. District Court for the Eastern District of

7   California, seeking an order to consolidate this action with *Avalos* in the Eastern District

8   of California.

9           Whether Any Parties Remain to Be Served: The Parties are presently unaware of

10   any parties remain to be served.

11   **2.      Brief Chronology of the Facts and a Statement of the Principal Issues in Dispute**

12           The Parties' Joint Statement:  On March 23, 2023, Plaintiff commenced the instant

13   class action in the Los Angeles Superior Court, Case No. 23STCV06410. Defendant

14   contends that the class action has since been timely removed to this Court pursuant to

15   CAFA.

16           The Parties have voluntarily agreed to a private, global mediation of the instant

17   action, *McInerny I (PAGA)*, and *Avalos*.  *See* Dkt. No. 11 (Defendant's Notice of Related

18   Cases and Notice of Pendency).  The global mediation is with experienced mediator

19   Michael Dickstein and is scheduled for December 8, 2023.

20           Plaintiff's Statement: This is a putative wage-and-hour class action brought by

21   Plaintiff against Defendant alleging various violations of the California Labor Code and

22   Business Professions Code, including: (1) unpaid minimum wages; (2) unpaid overtime;

23   (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5)

24   failure to pay wages owed upon separation from employment; (6) inaccurate wage

25   statements; (7) unlawful deductions; (8) failure to reimburse business expenses; and (9)

26   violation of the Unfair Competition Law under California Business & Professions Code §§

27   17200, et seq. ("UCL").  The putative class Plaintiff seeks to represent is comprised of all

28

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

non-exempt employees who worked for Defendant in California from March 23, 2019 to the present.

Defendant's Statement: Defendant denies all of Plaintiff's allegations and asserts that Plaintiff and the putative class have been properly compensated in accordance with all applicable laws.  Defendant further contends that Plaintiff and the putative class have been properly compensated in accordance with all applicable laws, and deny that Plaintiff and/or putative class members are entitled to any relief.  Defendant further denies that this action is amenable to class or representative treatment as there are varying differences amongst the practices and procedures as to each individual employee.  Defendant also denies that Plaintiff is an appropriate representative for any class or subclass he seeks to represent.

Defendant believes that class certification should be limited to Putative Class Members who were not subject to arbitration agreements and should not include Putative Class Members with arbitration agreements.

**3.      Brief Statement of the Disputed Points of Law**

Plaintiff's Statement:

Once Defendant produces all iterations of the arbitration agreements in effect during the relevant time period, Plaintiff will evaluate the language of the arbitration agreements to determine their impact on this putative class action.  Plaintiff is aware that certain versions of the arbitration agreement carve out pending litigation which purports to encompass the rights or interests of the putative class members.  Thus, the impact of the arbitration agreements is unclear at this juncture.  With regard to the merits issues, Plaintiff contends that Defendant implements policies and procedures relating to minimum wages, overtime, tipping, meal periods, rest periods, reimbursements, wage statements, pay cards and deductions which violate the Labor Code and IWC Wage Order 5-2001.

Defendant's Statement:  Defendant believes that the putative class should be limited to non-exempt employees who were not subject to arbitration agreements and should not include non-exempt employees with arbitration agreements.   Thus, Plaintiff, who is not subject to an arbitration agreement with a class and representative action waiver, as a matter

of law will not be an adequate representative of individuals who are so bound, and his claims will not be found to be typical of the claims of those individuals. *See, e.g.*, *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) (holding that the district court abused its discretion by certifying classes and subclasses that included employees who had signed class action waivers: "To the extent the classes and subclasses include individuals who signed class action waivers, [plaintiff] Avilez is not an adequate representative, Fed. R. Civ. P. 23(a)(4), and her claim lacks typicality, Fed. R. Civ. P. 23(a)(3)."); *Tschudy v. J.C. Penney Corp.*, No. 11-cv-1011 JM (KSC), 2015 U.S. Dist. LEXIS 165897, at *11-12 (S.D. Cal. Dec. 9, 2015) (holding that named plaintiffs failed to satisfy typicality and adequacy requirements of Rule 23(a) where the putative class members were subject to arbitration provisions while the named plaintiff was not); *Quinlan v. Macy's Corp. Servs.*, No CV1200737DDPJCX, 2013 U.S. Dist. LEXIS 164724, at *7-9 (C.D. Cal. Aug. 22, 2013) (finding that the named plaintiff could not satisfy Rule 23's typicality requirement in part because approximately 94.5% of the putative class was subject to an arbitration agreement while the named plaintiff was not).

**4.      Prior and Pending Motions and Anticipated Motions**

a. Prior and Pending Motions:  On May 19, 2023, Defendant filed a Notice of Related Cases and Notice of Pendency notifying the Court of the pending and related *Avalos* and *McInerny I (PAGA)* actions.  *See* Dkt. 11.

b. Anticipated Motions:

Plaintiff's Statement:

Plaintiff will bring a motion for class certification.  Plaintiff requests that he be granted a 7 to 9 month period to conduct discovery before filing his certification motion. Given that the Parties hope to avoid commencing discovery until after the December mediation (with the Court's approval), Plaintiff intends to file his motion for certification in or about July 2024.

1       <u>Defendant's Statement</u>: Defendant will oppose Plaintiff's motions for class

2   certification.  Defendant may also file a motion for total or partial summary judgment

3   should discovery support such a motion.

4   **5.**      **<u>Extent to Which Parties, Claims, or Defenses Are Expected to Be Added or</u>**

5           **<u>Dismissed and Proposed Deadline for Amended Pleadings</u>**

6       <u>Plaintiff's Statement</u>:  Plaintiff does not presently intend to add parties or amend his

7   pleadings,  but reserves the right to do so as appropriate based upon later discovered

8   information or as necessary to address concerns raised.  Plaintiff also reserves the right to

9   add additional named representatives as appropriate.

10      <u>Defendant's Statement</u>: None at this time.

11  **6.**      **<u>Initial Disclosures</u>**

12  Plaintiff served his initial disclosures on July 14, 2023.  Defendant served its initial

13  disclosures on July 26, 2023.  The Parties reserve the right to add witnesses to their lists as

14  they become known or circumstances warrant.  The Parties agree to provide further non-

15  privileged documents responsive to the requirements of Rule 26 as soon as discovered.

16  **7.**      **<u>Discovery</u>**

17      Defendant anticipates filing a motion to consolidate pursuant to Rule 42 of the

18  Federal Rules of Civil Procedure in the U.S. District Court for the Eastern District of

19  California, seeking an order to consolidate this action with *Avalos*.  Further, as indicated

20  above, the Parties have a global mediation scheduled for December 8, 2023 and request

21  that the Court provide them with sufficient time to mediate this matter prior to engaging in

22  formal discovery and preparation of the motion for class certification.  Thus, the Parties

23  respectfully submit that this section of the Joint Report is unnecessary and premature.

24  Nevertheless, in an effort to comply with the Court's Order, the Parties provide the

25  following report:

26      <u>Plaintiff's Position:</u>

27      Plaintiff requests that he be granted a 7 to 9 month period to conduct discovery

28  before filing his certification motion.

Prior to mediation, Plaintiff will seek informal discovery related to class size information, Defendant's relevant policies and procedures, job descriptions, Plaintiff's records, tipping information, and an agreed upon sampling of the timecards and wage statements for the putative class members.  If mediation fails, Plaintiff will seek formal discovery to prepare for certification. Plaintiff does not believe that discovery should be formally bifurcated between certification and merits issues.  That said, Plaintiff does intend to focus on certification-related issues at the outset; however, it is often the case that class certification issues necessarily enmesh merits-based discovery.  Without prejudice to her rights to seek discovery on any relevant issues, Plaintiff contemplates that she will need discovery concerning the following:

- Defendant's policies, procedures, and practices pertinent to timekeeping, wage payments, minimum wage, tipping, overtime, off the clock work, calculation of overtime, meal periods, rest periods, payment of wages at separation and during employment, wage statements, reimbursements, and calculation and payment of premiums, and any changes in the policies and procedures during the relevant time period;
- Defendants' onboarding practices and procedures;
- Management training materials and presentations;
- Training documents and onboarding documents for putative class members;
- Memoranda and communications to employees about the issues set forth in the complaint;
- Class size information for the Class and each of the Subclasses;
- Identification and contact information for the members of the Class;
- Plaintiff's employment, and the terms and conditions of such employment;
- Job descriptions of the putative class;
- Timecards, wage statements, paystubs, and payroll records for the putative class;
- Electronic timekeeping and log in/off reports;
- Staffing models, labor budgets, labor models, and coverage requirements;

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

- Schedules for putative class members

- Complaints received from putative class members related to the claims in the complaint;

- Defendant's organizational charts;

- Schematics and diagrams of the restaurants where employees worked;

- Defendant's defenses as identified in discovery and in its responsive pleading;

- The arbitration agreements which Defendant contends cover members of the putative class.

Plaintiff intends to commence discovery with written formal discovery.  Plaintiff will request documents relating to the above-specified categories, and propound interrogatories and requests for admission.  Plaintiff will seek contact information for the putative class members subject to a protective order or Belaire process, if required. Plaintiff believes that discussions with said individuals are critical to the investigation of the claims and class certification.  Once the first round of written discovery is complete, Plaintiff intends to take percipient witness depositions and the depositions of Defendants' Rule 30(6)(6) witness regarding topics largely mirroring the categories above.  Plaintiff will also seek to depose certain of the individuals offering declarations in support of Defendant's opposition to the motion for certification or motion for decertification. Plaintiff reserves his rights to conduct discovery as to any documents and information which are relevant to the claims or defenses at issue in this case.

Plaintiff intends to retain an expert to, among other things, review the time records and wage statements for the putative class.

Plaintiff does not believe that discovery should be formally phased or limited but will focus on certification-related inquiries at this juncture.  Given this informal phasing, Plaintiff contemplates that it may be necessary to conduct additional merits based discovery (including a second round of expert reports) prior to trial once the Court renders a decision on the certification motion.

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

1    Defendant's Position:

2    In the event mediation does not result in settlement, Defendant anticipates

3    conducting discovery including written discovery, requests for document production, and

4    depositions of Plaintiff and any of Plaintiff's identified witnesses.

5    Defendant believes discovery should be bifurcated into separate phases for class

6    certification and conditional certification discovery, and then merits discovery. During the

7    initial phase, Defendant anticipate conducting discovery on matters relevant to class

8    certification and conditional certification, which will include written discovery, requests

9    for documents and depositions of Plaintiff and any other identified witnesses regarding the

10   variations in policies and practices to applied to individual putative class members in

11   California and outside of California, and at Defendant's individual worksites.

12   Additionally, Defendant believes that class certification should be limited to Putative Class

13   Members who were not subject to arbitration agreements and should not include Putative

14   Class Members with arbitration agreements.

15   Defendant is not presently requesting changes to discovery limitation imposed under

16   the Federal Rules of Civil Procedure.  Defendant further contends that the number of

17   interrogatories permitted under Rule 33 are sufficient in this action.

18   **8.    Related Cases or Proceedings**

19   On May 19, 2023, Defendant filed a Notice of Related Cases and Notice of Pendency

20   notifying the Court of the pending and related *Avalos* and *McInerny I (PAGA)* actions. *See*

21   Dkt. 11.

22   **9.    Relief Sought**

23   Plaintiff's Statement: Plaintiff seeks monetary damages (including without

24   limitation unpaid wages, premiums, penalties, liquidated damages, and other relief under

25   statute) and injunctive relief for violations of the California Labor Code and the Unfair

26   Competition Law.

27

28

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

1   <u>Defendant's Statement</u>: Defendant contends that Plaintiff and the putative class have

2   been properly compensated in accordance with all applicable laws.  Defendant denies that

3   Plaintiff and the putative class members are entitled to any relief.

4   **10.    Certificate of Interested Parties**

5   The undersigned counsel of record for Plaintiff and Defendant certify that the

6   following listed parties have a direct, pecuniary interest in the outcome of this case. These

7   representations are made to enable the Court to evaluate possible disqualification or

8   recusal:

9       1.  Defendant Red Robin International, Inc., a Nevada corporation;

10      2.  Plaintiff Nicholas J. McInerny; and

11      3.  Plaintiff and counsel for Jose Jesus Avalos-Aviles.

12  **11.    Discovery and Motions Cut-Off**

13  Defendant anticipates filing a motion to consolidate pursuant to Rule 42 of the

14  Federal Rules of Civil Procedure in the U.S. District Court for the Eastern District of

15  California, seeking an order to consolidate this action with *Avalos*.  Thus, the Parties

16  respectfully submit that this section of the Joint Report is unnecessary and premature.

17  Notwithstanding Defendant's anticipated motion to consolidate the instant action

18  with *Avalos*, in the event the Court seeks to issue an order concerning discovery and motion

19  cut-off dates, the Parties respectfully request that the Court continue setting discovery and

20  motion cut-off dates to account for the Parties' global mediation on December 8, 2023.  To

21  this end, the Parties propose a further case management conference to be set after the

22  December 8, 2023 global mediation. In the event the Court disagrees, the Parties jointly

23  request the Court extend the deadline to file the motion for class certification to July 15,

24  2024 to account for the Parties' global mediation on December 8, 2023.

25  The Parties also respectfully submit that the discovery, motion cut-off, pretrial

26  conference, and trial date should be set after class certification is decided. To this end, the

27  Parties propose a further case management conference to be set after the Court rules on

28

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

class certification.    In the event the Court disagrees, the Parties jointly propose the following scheduling deadlines:

| Event | Proposed Deadline |
|-------|-------------------|
| Plaintiff's Motion for Class Certification | July 15, 2024 |
| Defendant's Opposition to Plaintiff's Motion for Class Certification | August 5, 2024 |
| Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Class Certification | August 19, 2024 |
| Hearing on Plaintiff's Motion for Class Certification | September 2, 2024 |
| Fact Discovery Completion Date | November 2, 2024 |
| Designation of Expert Witnesses Due | November 2, 2024 |
| Expert Rebuttal Disclosure | December 2, 2024 |
| Expert Discovery Completion | January 3, 2025 |
| All Motions Due | February 14, 2025 |
| Final Pretrial Conference | August 8, 2025 at 1:30 p.m. or _____ |
| Trial | October 6, 2025 at 10:00 a.m. or _____ |

**12.**   **Trial**

Defendant anticipates filing a motion to consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure in the U.S. District Court for the Eastern District of California, seeking an order to consolidate this action with *Avalos*.   Thus, the Parties respectfully submit that this section of the Joint Report is unnecessary and premature.

However, in an effort to comply with the Court's Order, the Parties provide the following report:

Plaintiff requests a jury trial, and estimates that the trial of the class action will take approximately 14-21 days and an individual trial will take approximately 5 days.

**13.**   **Efforts to Resolve the Case and ADR**

The Parties have voluntarily agreed to a private, global mediation of the instant action, *McInerny I (PAGA)*, and *Avalos*. *See* Dkt. No. 11 (Defendant's Notice of Related Cases and Notice of Pendency).   The global mediation is with experienced mediator Michael Dickstein and is scheduled for December 8, 2023.   Pursuant to the Court's Order (*see* Dkt. 10, at 2 ("The parties must include the following information in their Joint Report[:] . . . efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects")), the Parties respectfully submit that the appropriate plan for maximizing settlement prospects is to continue setting discovery and motion cut-off dates to account for the Parties' global mediation on December 8, 2023 or to set the relevant discovery and motion cut-off dates pursuant to the dates listed in section 11 of this Joint Report.

**14.**   **Complex**

The Parties respectfully submit that the procedures set forth in the Manual on Complex Litigation are not required.

**15.**   **Dispositive Motions**

Plaintiff's Statement:

Plaintiff anticipates he will file a motion for total summary judgment or partial summary judgment should discovery support such a motion.

1    Defendant's Statement:

2    Defendant anticipates it will file a motion for total summary judgment or partial

3 summary judgment should discovery support such a motion.

4 **16.    Unusual Legal Issues**

5    Defendant anticipates filing a motion to consolidate pursuant to Rule 42 of the

6 Federal Rules of Civil Procedure in the U.S. District Court for the Eastern District of

7 California, seeking an order to consolidate this action with *Avalos*.

8 **17.    Severance, Bifurcation, or Other Ordering of Proof**

9    Plaintiff's Statement:

10    As set forth above, Plaintiff does not believe that there should be any bifurcation of

11 the discovery process at this time.  As to other issues of severance, bifurcation or ordering

12 of proof, Plaintiff does not presently request any such ordering, but reserves all rights as

13 appropriate.

14    Defendant's Statement:

15    Defendant anticipates filing a motion to consolidate pursuant to Rule 42 of the

16 Federal Rules of Civil Procedure in the U.S. District Court for the Eastern District of

17 California, seeking an order to consolidate this action with *Avalos*.  Thus, the Parties

18 respectfully submit that this section of the Joint Report is unnecessary and premature.

19

20

21 Dated  September 21, 2023                **JACKSON LEWIS P.C.**

22

23                                                    By:    */s/ Philip J. Smith*

24                                                           Adam Y. Siegel
                                                            Philip J. Smith

25                                                           Martin P. Vigodnier

26
                                                            Attorneys for Defendant
27                                                           RED ROBIN INTERNATIONAL, INC.

28

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP

1
2
Dated   September 21, 2023                                     **JAMES HAWKINS APLC**

3

4
                                            By:      */s/ James R. Hawkins*
                                                     James R. Hawkins

5

6
                                                     Attorneys for Plaintiff
                                                     NICHOLAS J. MCINERNY

7

8

9
Dated   September 21, 2023                                     **FARNAES & LUCIO, APC**

10

11
                                            By:      */s/ Christina Lucio*
                                                     Malte L. L. Farnaes

12
                                                     Christina Lucio

13

14
                                                     Attorneys for Plaintiff
                                                     NICHOLAS J. MCINERNY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26 REPORT
Case No. 2:23-cv-01548-JDP